JOHN FLEMING, Respondent, v. ST. LOUIS AND SUBURBAN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 3, 1903.

1. **Railroad, Street:** INSTRUCTION. Plaintiff declined to alight as the car started, but intended to get off when the car crossed the Wabash tracks; and while on the rear platform holding to the car, and as the car was passing the Wabash tracks, the conductor boarded the car, and in doing so collided with the plaintiff, and his legs became entangled with those of plaintiff, causing plaintiff to be thrown to the ground and injured. The court with this state of facts before it, instructed the jury "that you must not find, nor infer that the conductor was negligent from the mere fact (if you find it to be a fact) that he struck plaintiff, as plaintiff was getting off or standing on the car." *Held*, that such instruction was erroneous for the reason that it exonerated the conductor of any negligence in striking plaintiff as he boarded the car, whereas the conduct of the conductor under the circumstances was negligent, and whether such negligence was the proximate cause of plaintiff's injury, should have been submitted to the jury.

2. ———: ———: INSTRUCTION. An instruction given not predicated on testimony is wrong and should not be given.

3. ———: ———: ORDER SUSTAINING MOTION FOR NEW TRIAL CORRECT. The motion for new trial was properly sustained.

Appeal from St. Louis County Circuit Court.—*Hon. J. W. McElhinney*, Judge.

AFFIRMED.

### STATEMENT.

On the part of the plaintiff the evidence tends to prove that on October 29, 1900, plaintiff in company with two friends, boarded one of defendant's cars on the Olive street road, in St. Louis county, intending to go to the Kinloch racetrack. The car proceeded north until it reached a point where the street railway tracks crossed the tracks of the Wabash railroad. At this point there is a platform where the cars going north always stop and where passengers regularly get on and off of the cars. When this point was reached the car on which plaintiff was traveling stopped about one minute and the conductor got off from the front platform and walked ahead on the tracks of the Wabash with a flag, and seeing no cars approaching on that road, gave the motorman a signal to go ahead. A number of people got off the car before it was started up, including plaintiff's two friends, whom plaintiff followed to the rear platform and was in the act of getting off when the car was started up with a jerk and moved ahead rapidly. Plaintiff then thought it was not safe to alight and concluded to wait until the Wabash tracks were passed before getting off and remained on the steps of the platform holding to the car. While he was in this position, as the car was passing over the Wabash tracks, the conductor boarded the car at the rear platform and in doing so collided with the plaintiff and his legs be-

came entangled with those of plaintiff, causing plaintiff to be thrown to the ground and injured.

For defendant the evidence tends to prove that when the car stopped near the Wabash tracks the conductor got off his car from the front platform, went to the middle of the Wabash track and seeing the way was clear signaled the motorman to go ahead, and when the rear of the car reached him he boarded it, but did not touch the plaintiff in doing so; that plaintiff lost his balance and fell off; that the car stopped on the south side of the tracks from one and one-half to two minutes and a number of people got off.

The petition alleged as negligence the following:

"That plaintiff was standing on the rear platform of said car, and that by the careless and neglectful act of one of defendant's servants, who was engaged in operating said car the plaintiff was struck by defendant's servant and was thrown from said platform onto the ground and was dragged by said car a distance of about fifteen feet."

The answer pleaded the following contributory negligence:

"And further answering, defendant says that whatever injury, if any, plaintiff sustained, was the direct result of his own negligence and carelessness and of his negligently and carelessly attempting to alight from a moving car at an unusual place and from negligently and carelessly jumping off a car while in motion."

Plaintiff testified that he had never been on defendant's road before; that he knew that the conductor had gotten off the front platform and had gone on the Wabash tracks with a flag.

Among other instructions for the defendant, the court gave the following:

"2. The court instructs you that you must not find nor infer that the conductor was negligent from the mere fact (if you find it to be a fact) that he struck

plaintiff as plaintiff was getting off or standing on the car.

"6. If you find from the evidence that plaintiff Fleming, voluntarily took a position on the lower rear step of the car, while it was south of the Wabash railroad tracks, not for the purpose of getting off south of said tracks, but merely for his own convenience in getting off at some point north of said railroad tracks, and that the conductor of the car, while said car was stopped at the landing platform south of said railroad tracks had gone forward, in the usual course of his duty to signal the car when to cross said tracks, and to again get upon said car and that plaintiff Fleming knew this, then it was the duty of said Fleming to use ordinary care and watchfulness to keep out of the way of the conductor when he should attempt to get back into the car, and if you further find that he did not use and exercise ordinary care and watchfulness to keep out of the way of the conductor as the conductor was getting on to the car and thereby directly contributed to the injuries, if any, sustained by him, then your verdict must be for the defendant, the Suburban Railway Company."

The jury returned a verdict for the defendant. A timely motion for new trial was filed, which the court sustained on account of error in instructions given for defendant and a new trial was ordered. From this order defendant duly appealed.

*Dawson & Garvin* and *Leonard Wilcox* for appellant.

(1) There was no substantial evidence of negligence on defendant's part and the judgment for defendant should be reinstated. Connor v. Railway, 67 N. H. 311; R. S. 1899, sec. 1180; Hurt v. Railway, 94 Mo. 262; Jackson v. Railway, 118 Mo. 218; Holwerson v. Railway, 157 Mo. 220; Baustian v. Young, 152 Mo. 318. (2) There was a general plea, as well as averments of spe-

cific acts of contributory negligence, and evidence of
the specific acts on which instruction No. 6 was predi-
cated was admitted without objection. There was no
failure of proof within the entire scope and meaning of
the allegations. R. S. 1899, sec. 798; Dlauhi v. Rail-
way, 139 Mo. 294; Hayden v. Railway, 124 Mo. 573;
Hansberger v. L. & P. Co., 82 Mo. App. 573; Haynes
v. Trenton, 123 Mo. 326.

*R. Lee Mudd* for respondent.

(1) We are constrained to consider the demurrer
to evidence only as the average, overruled, omnipres-
ent street-car demurrer in negligence cases. Thus, we
accord it the assumption of an appreciable scintilla of
evidence, at least, and leave it to the old and well-known
rule. Lee v. George Knapp & Co., 137 Mo. 392. (2)
Appellant concedes that, in the adduction of evidence,
at the trial, it jumped the fences of its answer, and
grazed *ad lib.* in the brush, as it were, but, in palliation,
insists that respondent did likewise, and then however,
utters repeatedly the self-consoling reflection that there
was "no material variance." Granted for the sake of
informal concession, that all its contentions, as to waiver
by mutual departure, and assumption of fanciful trial
theories, apply; it amounts, all in all, merely to bar us
of complaining as to points of evidence; but, as to the
court's part, the instructions, we excepted and still do,
to defendant's departure from the pleadings, in irrele-
vant instructions. Appellant's fourth instruction lim-
its us to the pleadings; and we now wish to limit like-
wise, at least his instructions, which is the unwavering
rule, under the circumstances before us. Budd v. Hoff-
heimer, 52 Mo. 303; Bank v. Westlake, 21 Mo. App. 572;
Hasset v. Rust, 64 Mo. 328; Bank v. Murdock, 62 Mo.
73. (3) As to appellant's contention that we were
guilty of contributory negligence, and that a plea of
such should be, after verdict, construed liberally; we

submit, first, that his mere failure to take sufficient precautions "to get out of the way of the conductor," as required by appellant's remarkable sixth instruction, still gave the conductor the advantage of the "last chance" to be careful, and constitutes him a proximate cause, we believe. Klockenbrink v. River Co., 81 Mo. App. 356. (4) So the mere fact of his riding on the platform, or attempting to alight from a moving car, even though this were undisputedly proven, may not have been contributory negligence. McSweny v. Railroad, 150 Mo. 399; Beach on Contributory Neg. (2 Ed.), secs. 147, 148; Wyatt v. Railroad, 55 Mo. 399. (5) But, primarily, we complained, and do still, of appellant's second and sixth instructions, respectively. The second is in conflict with plaintiff's first instruction, in forbidding the jury to infer negligence in the conductor's striking plaintiff as he was standing or getting off, notwithstanding plaintiff's first instruction had made the "striking against plaintiff" while standing on the rear end, an element of negligence; and also is inconsistent with a part of appellant's sixth instruction, requiring the conductor's care not to jostle off the passenger; besides as being misleading, and singling out an incident, this second instruction is otherwise erroneous. Jones v. Jones, 57 Mo. 142. (6) Appellant's apology that the sixth instruction would have been correct, "if," etc., is unavailing. It is virtually as the criminal's plea of *nolo condere.* Besides its errors, hereinbefore intimated, in other discussion, it assumes an hypothesis that Fleming "took a position on the rear"—"not for the purpose of getting off," etc., when the answer was diametrically to the contrary, and then obliges him, in rather latitudinary, cornfield language, "to keep out of the way," of the conductor. It bore an implication, tacitly, that the conductor, coming back, might "run over" passengers who should happen to be on the steps, and blame it with impunity on them for negligently being there "in his way;" when it was in law, his duty

to be careful to the last, to the extent of his power of choice. Hunt v. Railroad, 14 Mo. App. 383; Morrisey v. Ferry Co., 43 Mo. 383; Klockenbrink case, supra.

BLAND, P. J.—Instruction No. 2, given for defendant, leaves out of view the fact that the conductor tangled his legs up with those of plaintiff when he boarded the car and it is erroneous for the further reason that the jury would have been warranted in finding the conductor guilty of negligence for the circumstance that in getting on the car he both struck the plaintiff and so interfered with his footing on the steps as to throw him to the ground. The plaintiff's position on the steps of the rear platform while the car was moving rapidly was perilous. His position was seen by the conductor and it was negligence in him to increase the plaintiff's peril by coming in contact with him as he mounted the steps. His duty was to avoid contact with the plaintiff and if he could not mount the steps without colliding with plaintiff, then he should have remained off the car or boarded it at some other place of ingress.

The sixth instruction for defendant is predicated upon facts (therein cited) of which there is not a ray of evidence to be found in the record; nor was it authorized by the plea of contributory negligence alleged in the answer.

Plaintiff testified, and in this he is corroborated by his two friends, that he was on the steps in the act of getting off on the south side of the Wabash tracks, but was prevented from doing so by the car starting up suddenly and running rapidly and there is no evidence to the contrary. It was error, therefore, to instruct the jury that if they found from the evidence that plaintiff voluntarily took a position on the lower step of the platform of the car, while it was south of the Wabash railroad tracks, not for the purpose of getting off south of

said tracks, but merely for his own convenience, in getting off at some other point, etc.

There was no error in sustaining the motion for new trial.

The judgment is affirmed. *Reyburn* and *Goode, JJ.,* concur; the latter in the first paragraph of the opinion.